O’Neall, J.
It is objected by the defendants, that he ought not to be liable to pay the complainants more than the balance of the penalty of the bond, after deducting from it a payment made by his intestate, iu *232 his lifetime; on the ground that, to apply the payment to the extinguishment of the debt and interest, on the condition of the bond, would be virtually allowing interest to be recovered beyond the penalty. He relied upon the case of M’Worth v. Thomas, 5 Ves. 329, as authority for this position. That was a bill filed by the creditors of Ilted Thomas, to obtain satisfaction out of the real estate. The executrix claimed to be allowed to retain £1,325, the arrears of an annuity of £100 per year, granted by the deceased to her father, secured by a bond in the penalty of £500. The Lord Chancellor refused to allow more than the penalty, saying — “This is in the administration of assets. Is it possible for the Court to let a creditor stand as a specialty creditor, for more than the debt at law? There is no doubt of the proposition in Collins v. Collins, but then it must be enforced as an agreement between the parties; but in the administration of assets, how can I possibly deviate from the law ? I cannot put a larger sum in the bond than the parties have.” To the same purpose and extent are the cases of Tew v. Winterton, and Knight v. M’Lean, 3 B. C. R. 489, 496. I am satisfied that the view taken by Lord Eldon, in the ease of M’Worth v. Thomas, is perfectly correct; and if it is an authority at all applicable to the case, it is directly against the position assumed by the defendant.* In the words of the Lord Chancellor, with the change of a single one, I would say, “I cannot put a” less “sum into the bond than the parties have.” To accomplish the defendant’s purposes, this must be done. The penalty is to secure the payment of the whole condition; any part of it remaining unpaid is a forfeiture of the penalty, which is the debt at law. The party to be relieved against it in equity, must pay the amount really due on the condition. What is the amount due on it ? The balance of the debt specified in the condition, after applying the payment at the time it was made to the extinguishment of the interest to that time, and the residue to the principal, with interest on the balance to the present time. If this is less than the penalty (as it is admitted to be), the defendant can only claim to be relieved from the penalty, by paying such balance.
De Saussure, for the appellants.
Mayrant, contra.
Johnson and Harper, Js., concurred.